PENDLETON, President,
delivered the resolution of the court as follow's.
Much unnecessary time was employed in the argument of this plain case.
1.'The time and mode of making the objection are excepted to; and it was said that the defendant should either have Xffeaded in abatement, or demurred, or moved for the dismission at an earlier period.
Whereas it is obvious that the Legislature did not intend there should be any pleading on the occasion, but that when the case appeared, a dismission should take place.
A plaintiff could scarcely be supposed to state a case in his declaration which would subject his suit to a dismission on view of it. But on the trial he must prove the real case, which then, and not before, appearing to be within the act, it was the proper and only time to move for the dis-mission.
2. It was said the account was of mixed articles consisting of cash and goods; that the declaration has two counts for goods, and two, for money lent, and for money received to the use of the plaintiffs; and therefore that the court should not have dismissed the suit entirely, but suffered the plaintiffs to give evidence as to the cash articles, which are not within the act of Assembly.
In answer to w’hich, it was said by the counsel *for the appellee, and perhaps correctly, that if the declaration was for goods sold by a factor here, for a resident in Great Britain, and the factor was not named, the dismission must take place, although there were ever so many other demands in the declaration.
But suppose a partial dismission admissible, and the goods be taken from the declaration and account, then the plaintiffs will be found indebted 11. 9. for so much the credits exceed the other articles. However the plaintiffs themselves consider their demand to be for goods, and so they state it in their bill of exceptions.
3. A third objection was that all the partners do not reside in Britain, but Dick, one of them, in a sister state in America. The name of this partner does not appear in the ostensible firm of the company; but he is what is called a latent or secret partner, unknown to be one perhaps by every person, but the company themselves, and therefore not usuallj' to be regarded in questions of this sort, between the company and others.
Again a factor dealing for a resident in Maryland is equally within the mischief intended to be remedied, by considering it as a dealing with the factor himself. Among others, one important effect is to take the case out of the saving, in the act of limitations, in favour of persons out of the country; which extended to the partner in Maryland as well as to those in Britain.
And since the exceptions state, that at the time of commencing the suit all the surviving partners resided in Great Britain, it is strictly within the letter of the act, which describes the residence of the person or persons in whose names the suit is brought.
The judgment is unanimously and without difficulty affirmed.